SAUNDERS, Judge,
dissenting.
I respectfully dissent. I do not agree with the majority for the following reasons:
The majority finds that LSA-C.C. art. 2322 is inapplicable to the case before us because the defect in the building, i.e., the steps not being attached, was not a defect in the original construction of the building. The plaintiff points out, however, that our supreme court has read LSA-C.C. art. 670 and 2322 in unison to reach the following rule of strict liability:
“[T]he owner has a non-delegable duty imposed by Article 670 and 2322 to keep his building in repair and free of defects constituting an unreasonable risk of injuries to others. The owner’s agreement with or reliance upon a contractor or tenant to perform this duty imposed by law on him, the owner, does not constitute that contractor or tenant a ‘third person’ for purposes of exculpating the owner from his liability under these code articles.”
Olsen v. Shell Oil Co., 365 So.2d 1285, 1293 (La.1979).
Clearly, the building in the present case is not “free of defects constituting an unreasonable risk of injuries to others” and the contractor who removed the steps cannot be considered a third person “for purposes of exculpating the owner from his liability under these articles.”
The majority also finds that liability cannot be predicated upon LSA-C.C. art. 2317, reasoning that:
“A plaintiff who attempts to impose liability under Art. 2317 on the custodian of a defective thing must prove: (1) the thing had a vice or defect; (2) the defect presented an unreasonable risk of harm to others; (3) the thing was in defendant’s custody; and, (4) damage was caused by the defect. Epps v. Society of The Holy Family, 583 So.2d 1216 (La.App. 4th Cir.1991). If any one of these elements is missing, the plaintiffs strict liability claim falls.
*1178 “A defect for the purposes of Art. 2317 is a flaw or condition of relative permanence inherent in the thing as one of its qualities. Boudreaux v. Farmer, 604 So.2d 641 (La.App. 1st Cir.1992), writs denied, 605 So.2d 1373, 1374 (La.1992). A temporary condition may constitute a hazard, but it does not constitute a defect as contemplated by Art. 2317. Id.”
It seems, at the very least, that the issue of whether the detached steps create a flaw or condition of relative permanence inherent in the thing as one of its qualities is a question of fact to be determined by the jury. It might be argued that there is “no relative permanence” in the detached condition of the steps since presumably, the contractor will in the near future attach the steps. However, if the contractor does not attach the steps, the condition will remain permanent. This condition is not the same as a rock or dampness upon the porch which, by their nature, have little or no permanence. Thus, a distinction can be made in this ease between slip and fall cases where a rock or a peeling on the porch might be blown away by the wind or washed away by the rain or swept away during routine maintenance and/or cleaning as opposed to extraordinary type of activities such as is being undertaken by the contractor in the present case. The issue of permanence should be determined by the jury.